Robert P. Goe - State Bar No. 137019
Elizabeth A. LaRocque – State Bar No. 219977
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
Email:  rgoe@goeforlaw.com
          elarocque@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Debtor, Trudy Kalush

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

|  |  |
|---|---|
| In re:<br><br>TRUDY KALUSH,<br><br>　　　　　Debtor and Debtor-in-Possession. | Case No. 8:11-bk-19563-ES<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 6 FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR12, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR12; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:　　　January 17, 2012<br>Time:　　　10:30 a.m.<br>Ctrm:　　　5A |

COMES NOW, Trudy Kalush, debtor and debtor-in-possession herein ("Debtor"), as and for her objection pursuant to Bankruptcy Rule 3007 to the Proof of Claim No. 6 ("POC #6") filed by Deutsche Bank National Trust Company, as Trustee of the Indymac INDX Mortgage Loan Trust 2005-AR12, Mortgage Pass-Through Certificates, Series 2005-AR12, under the Pooling and Servicing Agreement Dated June 1, 2005 ("Deutsche Bank"), and states as follows:

# I.

## PRELIMINARY STATEMENT

1.      The Debtor commenced this action by the filing of a Chapter 11 petition on July 7, 2011.

2.      Debtor is the owner of the property located at 16625 S. Pacific Coast Highway, Sunset Beach, California 90742 ("Property").

3.      Debtor's chapter 11 Plan calls for retention of this Property.

4.      Schedule D of Debtor's petition lists as disputed IndyMac INDX 2005-AR12 Loan Tr/Deutsche Bank/Onewest Bank, 888 East Walnut Street, Pasadena, California 91101.

5.      POC #6, a true and correct copy of which is attached to the declaration of Robert P. Goe ("Goe Declaration") as **Exhibit "1"**, alleges Deutsche Bank as the secured creditor on the Property.

6.      It is apparent from POC #6 that Commercial Capital Bank, FSB ("Commercial") is the originator and the original holder of the note ("Note").

A.      **FACTUAL ALLEGATIONS**

7.      POC #6 consists of the following:

      a.      Official Form 10, signed by Michael B. Shaw as "Creditor's Authorized Agent".

      b.      Page 2,  which consists of an Itemization of Claim and states that Deutsche Bank National Trust Company as Trustee is the secured creditor.

      c.      Promissory Note Adjustable Rate Mortgage Loan, dated January 20, 2005, listing Commercial as lender or holder and Debtor as borrower.

      d.      Deed of Trust (Adjustable Interest Rate) as Orange County Instrument No. 2005000068194, recorded on January 27, 2005,

2

1    listing the Trustor as Debtor, a single woman, and Commercial as

2    Beneficiary with the power of sale.

3        8.     On November 8, 2011, the undersigned sent a certified letter to the

4    creditor listed on POC #6 demanding proof that it has authority to file the proof of claim

5    and demanding documentation that it has standing in this case and is attached to the Goe

6    Declaration as **Exhibit "2"**.  No response was received.  In addition, bankruptcy

7    subpoenas will be sent to Deutsche Bank and to Onewest Bank, FSB, the purported

8    servicer

9    **II.**

10    **ARGUMENT**

11        9.     The originator of the mortgage loan at issue is Commercial.

12        10.     There is no documentation provided in POC #6 providing a complete

13    chain of title from Commercial to Deutsche Bank.

14        11.     The creditor must prove that it is the rightful owner and holder of both the

15    note and the complete perfected security interest.

16        12.     There was no writing filed with POC #6 demonstrating Deutsche Bank's

17    interest on the Property secured such claim in violation of Bankruptcy Rule 3001(c).

18        13.     POC #6 is signed by Michael B. Shaw as Creditor's Authorized Agent

19    without providing any supporting documentation to suggest his authorization to do so, in

20    violation of Bankruptcy Rule 3001(b) and the plain language instructions as printed on

21    Official Bankruptcy Claim Form.

22        14.     The Note attached to POC #6 names Commercial as lender and there is no

23    endorsement at the end of the Note.  Therefore, it appears from the Note attached to POC

24    #6 that Commercial, if any entity, has the contract with Debtor to repay her loan.

25        15.     The Deed of Trust attached to POC #6 represents an alleged lien on

26    Debtor's Property and, again, is in the name of Commercial.  It may well have created a

27    lien on the Property as collateral for the Note, but does not in and of itself create a debt.

28

1  A deed of trust is transferred by assignment and there is no assignment attached to POC

2  #6.

3      **A.**        **DEUTSCHE BANK AS TRUSTEE OF A SECURITIZED TRUST**

4       16.    Deutsche Bank alleges that it is the trustee for the certificate holders of

5  the IndyMac INDX Mortgage Loan Trust 2005-AR12, Mortgage Pass-Through Series

6  2005-AR12, under the Pooling and Servicing Agreement dated June 1, 2005.  However,

7  Deutsche Bank failed to attached to POC #6 any documentation whatsoever proving that

8  Deutsche Bank became the Trustee in accordance with the terms of the Trust.

9       17.    The Trust allegedly contains any and all beneficial rights, liabilities and

10  conveyance rules concerning the Debtor's Note and Deed of Trust and is subject to the

11  terms of the Pooling and Servicing Agreement ("PSA").

12       18.    To establish standing the creditor needs to provide proof of all of the

13  transfers and receipts from origination to the party alleging to be the creditor in the

14  action, including the full contents of the Master Custodian Loan File hold by the Master

15  Custodian of the Trust.

16       19.    A Federal Court cannot have jurisdiction unless a party has constitutional

17  standing.  Fed. R. Bankr. P. 7017 ("an action must be prosecuted in the name of the real

18  party in interest.")  To have standing, the creditor must show that it is the beneficiary of

19  the Note, that the Note has been property transferred with the Deed of Trust, or that

20  appropriate agency authority has been issued from a party with the power to do so.  The

21  creditor in this case has failed to prove any of the above.

22       20.    And, if the creditor filing the proof of claim is not the real party in

23  interest, it must join the real party in interest pursuant to Federal Rules of Civil

24  Procedure 19.

25       21.    A security interest in the Property of the Debtor is claimed, however, the

26  proof of claim is not accompanied by evidence that the purported creditor has authority

27  to bring the claim, has standing or that the security interest has been perfected as

28

1    required under F.R.B.P. Rule 3001(d) and is facially defective and does not constitute

2    prima facie validity of the claim.

3        22.    POC #6 does not set forth the creditor's claim with proper specificity

4    pursuant to F.R.B.P. Rule 3001(a) and (c).

**B.    THE DEUTSCHE BANK CLAIM IS NOT PRIMA FACIE
EVIDENCE OF THE VALIDITY OF THE CLAIMS**

7        23.    POC #6 lacks evidentiary support for the claimed amount, thus preventing

8    the claim from amounting to prima facie evidence of its validity.  The Ninth Circuit BAP

9    has held that:

> "A creditor who files a proof of claim that lacks sufficient support under
> Rule 3001(c) and (f) does so at its own risk. That proof of claim will lack
> prima facie validity, so any objection that raises a legal or factual ground
> to disallow the claim will likely prevail absent an adequate response by
> the creditor."

In re Campbell, 336 B.R. 430, 436 (9th Cir. BAP 2005); See also, In re Heath, 331, B.R.

424, 437 (9th Cir. BAP 2005).  A claimant must attach copies of writings upon which

claims are based in order to carry its burden of establishing a prima facie case against the

debtor.  Hardin v. Gianni (In re King Street Investments Inc.), 219 B.R. 848, 858 (BAP

9th Cir. 1998).  Here, no such proof is provided.

The Objection must be sustained.

**WHEREFORE**, the Debtor objects to POC #6 as filed by the alleged creditor,

Deutsche Bank, and respectfully requests this Court:

1.    That POC #6 be expunged and not entitled to any distribution from the
bankruptcy estate;

2.    That Debtor have and recover against Deutsche Bank all reasonable legal
fees and expenses incurred by her attorney; and

3.    For such other and further relief as this Court may deem just and proper.

DATED:  November 23, 2011

Respectfully submitted by:
**GOE & FORSYTHE, LLP**

By:/s/Robert P. Goe
        Robert P. Goe
        Attorneys for Debtor

1

2

### DECLARATION OF ROBERT P. GOE

3          I, Robert P. Goe, hereby declare and state as follows:

4

5          1.          I am a partner in the firm of Goe & Forsythe, LLP, attorneys for Trudy Kalush,

6    the Debtor and Debtor-in-Possession ("Debtor") in this case. The matters stated hereinafter are

7    within my personal knowledge, and if called upon as a witness, I could and would competently

     testify thereto.

8          24.    2.          Attached hereto as **Exhibit "1"** is a true and correct copy of Proof of

9    Claim #6, which alleges Deutsche Bank as the secured creditor on the premises.

10         3.          Attached hereto as **Exhibit "2"** is a true and correct copy of the November 8,

11   2011, certified letter to the creditor listed on POC #6 demanding proof that it has authority to

12   file the proof of claim and demanding documentation that it has standing in this case.  I received

13   no response.

14         I declare under penalty of perjury under the laws of the United States of America that the

15   foregoing is true and correct.

16

17   Dated:  November 23, 2011                    By:  /s/Robert P. Goe_____

18                                                      Robert P. Goe

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

| Name of Debtor:  Trudy  Kalush | Case Number:SA11-19563-ES |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR12, Mortgage Pass-Through Certificates, Series 2005-AR12 under the Pooling and Servicing Agreement dated June 1, 2005 | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>OneWest Bank, FSB<br>6900 Beatrice Drive<br>Kalamazoo, Michigan 49009 | **Court Claim Number:**_____<br><br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br>OneWest Bank, FSB<br>Bankruptcy Department<br>6900 Beatrice Drive<br>Kalamazoo, Michigan 49009<br><br>Telephone Number:  (800) 669-2300 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

**1.  Amount of Claim as of Date Case Filed:**    $1,944,856.06

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim.  Attach itemized statement of interest or charges.

**2.  Basis for Claim:  Money Loaned**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor: xxxxxx9495**

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested  information.

**Nature of property or right of setoff:** ☒  Real Estate  ☐  Motor Vehicle  ☐  Other: _____
**Describe:** 16625 S Pacific Coast Highway, Sunset Beach, California  90742

**Value of Property:**   $_____        **Annual Interest Rate:**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $207,431.80    Basis for perfection: Recordation of Lien**

**Amount of Secured Claim:**    $1,944,856.06    **Amount Unsecured:**    $0.00

**6.  Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**7. Documents:**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of  a security interest.  You may also attach a summary.  (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any  portion of your claim falls in one of  the following categories, check the box  and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>*August 2, 2011* | **Signature:**  The person filing this claim must sign it.  Sign and print name and title, if any, of the creditor or  other person authorized to file this claim and state address and telephone number if different from the notice  address above.  Attach copy of power of attorney, if any.<br><br>/s/ **Michael B. Shaw as Creditor's Authorized Agent**<br>972.643.6600<br><br>P. O. Box 829009<br>Dallas, Texas 75382-9009 | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

IN RE: § 
§      **CASE NO. SA11-19563-ES**
**TRUDY  KALUSH** §
§      **CHAPTER 11**
§
§      **JUDGE ERITHE SMITH**

## EXHIBIT A

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF ONEWEST BANK, FSB, AS SERVICING AGENT FOR DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2005-
AR12, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR12 UNDER THE POOLING AND
SERVICING AGREEMENT DATED JUNE 1, 2005
REGARDING CERTAIN COLLATERAL DESCRIBED AS:
16625 S PACIFIC COAST HIGHWAY, SUNSET BEACH, CALIFORNIA 90742

## SECTION 1. ITEMIZATION OF CLAIM

- **Total Debt (As of July 07, 2011)**     **$1,944,856.06**
- **Interest Rate as of July 07, 2011**     **4.49%**
- **Interest from Last Paid Installment**     **$89,841.22**

- **Detail of Pre-Petition Arrearage through July 07, 2011**
  8 Payments from July 2010 to February 2011 at $12,537.39 each:     $100,299.12
  5 Payments from March 2011 to July 2011 at $12,487.27 each:     $62,436.35

  **\*\*LATE CHARGES**     $7,244.37

  **\*\*PRE-PETITIONBANKRUPTCY ATTORNEY FEES & COSTS**     $200.00
      Bankruptcy Attorney Fees     $200.00

  **\*\*ESCROW SHORTAGE**     $36,906.96

  **\*\*OTHER PRE-PETITION AMOUNTS**     $345.00
      BPO/Appraisal Costs     $235.00
      Inspection Fee     $110.00

  TOTAL  PRE-PETITION ARREARAGE:     $207,431.80

## TOTAL ARREARAGE     $207,431.80

Your monthly payment amount may change due to an escrow requirement and/or interest rate adjustment.
Your current payment amount and any upcoming changes are provided below:

| Effective Date | Effective Amount |
|---|---|
| 08/01/2011 | $12,485.40 |

NOTICE TO BORROWER: THIS PROMISSORY NOTE PROVIDES FOR AN ADJUSTABLE INTEREST RATE AND A
BALLOON PAYMENT MAY BE DUE AT MATURITY.

## PROMISSORY NOTE
### ADJUSTABLE RATE MORTGAGE LOAN

**PRINCIPAL (Loan Amount):** $1,725,500.00

**LOAN NO:**

**DATE:** January 20, 2005

| | | | |
|---|---|---|---|
| Initial Interest Rate: | 1.990% Initial Monthly Installment: | $6,369.16 Commencement Date: | March 1, 2005 |
| Margin: | 2.600% Installment Due Date: | 1st Day of Each Month Maturity Date: | February 1, 2035 |
| Minimum Rate: | 4.487% First Installment Adjustment Date: March 1, 2006 | Fixed Payment Interval: | 12 |
| Maximum Rate*: | 10.200% Rate Adjustment Frequency: | Monthly | |
| Amortization Period: | 360 Months | | |
| Prepayment Penalty Term: | 1 Year(s) | | |

Prepayment Penalty Amount: 6 month(s) advance interest on the amount prepaid in any 12 month period during the Prepayment
Penalty Term in excess of 20% of the original Loan Amount.

If the Loan has a Release Price Addendum which permits release of any Property securing the Loan,
any principal reduction made in accordance with said Release Price Addendum shall not be subject to
this prepayment provision.

Late Charge: 6.000% of monthly installments if not received within 15 days of due date.

\* Subject to Paragraph 8 below.

Those signing below (the "undersigned") promise to pay in lawful money of the United States to Commercial
Capital Bank, FSB, a federally chartered savings bank, ("Holder"), or order, at Holder's office at P.O. Box 25035, Santa
Ana, California 92799-9998 or at such other address Holder designates, the Principal shown above with interest from
date of disbursement of funds on unpaid principal at the initial adjustable interest rate per annum ("Initial Interest Rate")
shown above, payable in Initial Monthly Installments in the amount shown above (subject to adjustment as provided
below), commencing on the Commencement Date shown above and continuing on the Installment Due Date of each and
every month thereafter until the Maturity Date, when all sums then remaining unpaid shall immediately become due and
payable. Each installment shall be credited first to interest which became due during the month for which installment is
being made, then to any unpaid interest which became due previously, and the remainder to principal; interest shall then
cease on the portion of principal credited. Monthly interest will be computed at 1/12th of the annual rate and any partial
month's interest at 1/30th of the monthly calculation per day. To the extent that any scheduled monthly installment due is
insufficient to pay all interest required for the period for which installment is being made, the amount of such unpaid
interest ("Deferred Interest") shall be added to and become a part of the unpaid principal as of the due date of any such
monthly installment, and shall bear interest thereafter as provided in this Note. In the event any sum has not been paid at
the Maturity Date, interest shall be due from the Maturity Date on such unpaid sums, without extending the Maturity Date
or waiving such default, at the default interest rate described in Paragraph 8 below.

**1. DEFINITIONS. As used in this Note:** (a) "Index" shall mean the Twelve-Month Average, determined as set
forth below, of the monthly yields ("Monthly Yields") on United States Treasury Securities adjusted to a constant maturity
of one year as published by the Federal Reserve Board. The Twelve-Month Average is determined by adding together
the Federal Reserve Board published Monthly Yields for the most recent 12 months immediately preceeding the month
prior to each Rate Adjustment Date and dividing the sum by 12. In the event the Index or the alternate index selected by
the Holder is no longer published, the Holder may, in its sole discretion, choose an alternate index to permit interest rate
adjustments and that alternate index shall be the Index; (b) "Current Index" shall mean that Twelve-Month Average of the
12 months immediately preceding the month prior to the effective date of an interest rate adjustment; and (c) "Margin"
shall mean the number of percentage points specified above or, in the event an alternate index is selected by the Holder,
the term "Margin" shall mean the positive or negative difference (expressed in percentage points) between the adjusted
interest rate in effect on the day immediately preceding the day on which the alternate index is to become applicable to
this Note and the level of the alternate index on such date; and (d) "Fixed Payment Interval" means each successive
increment of the number of monthly installments due under the terms of this Note shown above, provided, however, the
final such increment may include fewer monthly installments.

**2. ADJUSTABLE INTEREST RATE TERMS.** The Initial Interest Rate shall be adjusted as follows: (a) the first
rate adjustment will be effective with the Installment Due Date of the **2nd** monthly installment and subsequent rate
changes will be effective on the Installment Due Date of each monthly installment thereafter; (b) Holder will increase or
decrease the interest rate of this Note each month by adding the margin to the Current Index which sum shall be the
adjusted rate; (It is understood that the Current Index is calculated for each calendar month, but publication of the Index
may be delayed. The Index will be deemed to have been published once each successive calendar month for purpose of
rate adjustments.); (c) Holder may elect at its sole option but shall not be required to forgo all or any part of a rate
adjustment that would result in an increase of that rate. No prior notification of interest rate adjustment shall be required.

**3. INSTALLMENT ADJUSTMENT.** The monthly Installment shall be adjusted commencing on the First Installment Adjustment Date and at the end of each Fixed Payment Interval thereafter as follows. Within approximately sixty (60) days prior to each Installment Adjustment Date a review of the loan shall be made for the purpose of calculating the installment adjustment. The loan balance as of the time of the review shall be projected to the Installment Adjustment Date without regard to any delinquent or prepaid installments to calculate the installment adjustment. The interest rate in effect at the time of review shall be used for calculation of the adjustment. The monthly installment shall be adjusted to an amount which would be sufficient to then amortize the projected loan balance at said rate over the remainder of the Amortization Period. Subsequent adjustments to the interest rate and actual changes to the loan balance that may occur between the time of the installment review and the effective date of the installment adjustment shall not be considered.

**3A. INSTALLMENT ADJUSTMENT LIMITATION.** Any monthly installment increase or decrease required under the provisions of Paragraph 3 shall not exceed 7 1/2% of the most recent monthly installment due prior to the effective date of an installment adjustment except as follows, when installments will be adjusted without the 7 1/2% limitation: (a) at the end of the fifth (5th) year from the Commencement Date of the monthly installments due on this Note (if the Maturity Date is more than 5 years) and on each Installment Adjustment Date that occurs every five (5) years thereafter; (b) on the last Installment Adjustment Date prior to the Maturity Date; and (c) whenever Holder determines the loan balance has reached **110%** of the original principal balance.

**3B. LIMIT ON UNPAID PRINCIPAL LOAN BALANCE; INCREASE IN MONTHLY INSTALLMENT.** The unpaid principal balance of this Note may never exceed a maximum amount equal to **110%** of the original principal balance of this Note (the "**110%** Limitation"). In the event that the unpaid principal balance of this Note would otherwise exceed that **110%** limit, the undersigned will, starting on the next Installment Due Date, begin paying a new monthly installment. The new monthly installment will be an amount sufficient to pay off the unpaid principal balance of this Note that is projected to be owed on that Installment Due Date, together with interest at the interest rate in effect during the month prior to that Installment Due Date, in full at the Maturity Date in substantially equal monthly payments. The new monthly installment will be determined without regard to the 7.5% installment adjustment limitation described in Section 3A of this Note. The undersigned will continue to pay this monthly installment until the next regularly scheduled Installment Adjustment Date, when the new monthly installment will be determined as provided in this Note, except that the monthly installment will increase again whenever the **110%** Limitation is reached.

The monthly installments due under this Note shall also be increased as set forth in Section 3B of this Note.

**4. LATE CHARGES.** The undersigned promises to pay a Late Charge equal to the above specified percentage of the monthly principal and interest of any installment or portion thereof which is not received within the above stated number of days after its due date. Holder is under no obligation to accept a partial installment. The undersigned acknowledges that it would be extremely difficult or impractical to determine Holder's actual damages resulting from any late installment and this Late Charge is a reasonable estimate of those damages. Holder agrees to accept this Late Charge as its sole right to damages for any late installments. Acceptance of any Late Charge shall not limit any of Holder's other rights under this Note, Deed of Trust or other documents executed to induce Holder to make the loan evidenced by this Note.

**5. COLLECTION STEPS WAIVED.** The undersigned waives the taking of any formal steps to collect this Note after a default on undersigned's part. Such steps include, among others, giving notice that an installment is about to become due, giving notice that amounts due have not been paid, and demanding payment of amounts due.

**6. COLLECTION COSTS.** The undersigned promises to pay Holder all its costs, expenses, and reasonable attorneys' fees incurred in connection with or arising from this Note.

**7. DEFAULT AND ACCELERATION.** Upon failure to pay any installments when due or to perform when due any obligation, covenant, or agreement in this Note, in the Deed of Trust or other security instruments which secure this Note, or in any other document executed by the undersigned to induce Holder to make the loan evidenced by this Note, or if any statement made by the undersigned in any such document is false or misleading, then all indebtedness will become immediately due at Holder's option.

**8. DEFAULT INTEREST RATE.** The failure of the undersigned to make any payment due under the terms of this Note, or the Deed of Trust securing this Note, shall result in an adjustment of the interest rate to a sum equal to the Index plus the Margin, plus 2.50 percentage points (the "default rate") effective 30 days after the due date of the unpaid payment until the failure to pay has been cured, and in the case of a failure to pay all sums due at the Maturity Date, the default rate shall be in effect from the Maturity Date until all sums have been paid in full. Any limitations on the maximum interest rate that would otherwise apply shall not apply to the default interest rate.

**9. DUE ON SALE PROVISIONS.** Paragraph 13 of the Deed of Trust securing this Note contains provisions which permit Beneficiary, at its option, to declare all principal and accrued interest immediately due and payable if Trustor, without Beneficiary's prior written consent, transfers any interest in the security property by any means of transfer there specifically set forth. Paragraph 13 of the Deed of Trust provides:

13. BENEFICIARY'S CONSENT. Beneficiary may declare all sums secured hereby immediately due and payable except as expressly limited by law, if Trustor without Beneficiary's prior written consent: (a) sells, conveys, contracts to sell by installment land contract, alienates or further encumbers all or any part of the Property; or (b) leases all or any part of the Property for a term, together with all exercisable options, of 3 years or more, or which contains a purchase option; or (c) suffers the title or any interest in the secured Property to be divested, whether voluntarily or involuntarily; or (d) changes or permits to be changed the character or use of the Property; or (e) is a partnership and any of the general partners' interests are transferred or assigned, whether voluntarily or involuntarily; or (f) is a corporation with fewer than 100 stockholders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or assigned during a 12 month period; or (g) is a limited liability company and either (i) any of the managers' interests are transferred or assigned, whether voluntarily or involuntarily, or (ii) more than 10% of the aggregate of its membership interests are sold, transferred or assigned during a 12 month period.  Trustor will not create or permit to continue in existence any mortgage, pledge, encumbrance, lien, or charge of any kind (including purchase money and conditional sale liens) on any of the Property except for liens securing the Loan and (a) liens for taxes not yet delinquent, and (b) any other liens or charges that are specifically approved in writing by Beneficiary prior to the recordation of this Deed of Trust.

**10. RIGHT TO PREPAY.** The undersigned shall have no right to prepay all or any portion of the principal balance of this Note unless a period of time is indicated following the heading "Prepayment Penalty Term" shown above. If a term is indicated after the heading "Prepayment Penalty Term", prepayment may be made during such term only upon payment of an amount, in addition to the amount prepaid, equal to the amount shown above after the heading "Prepayment Penalty Amount". There shall be no prepayment penalty for prepayment made after the end of the Prepayment Penalty Term if one is shown above. Said term commences on the date of this Note.

**11. MULTIPLE SIGNERS.** If more than one person signs this Note, their liability is joint and several.

**12. LAW.** This Note and the rights and obligations of the Holder and the undersigned hereunder shall be interpreted, enforced and construed in accordance with the laws of the State in which the real property securing this Note is located, except to the extent the same may be preempted by applicable federal law.

**13. INVALIDITY.** In case any one or more of the provisions contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof and this Note shall be construed as if such invalid, illegal or unenforceable provision(s) had never been included.

(Please sign your name exactly as it appears below.)

Trudy A. Kalush

**END OF DOCUMENT**

PREPARED BY AND AFTER
RECORDING MAIL TO:

Commercial Capital Bank, FSB
P.O. Box 25035
Santa Ana, California 92799-9998
Attention: Loan Service

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

**33.00**

2005000068194 11:58am 01/27/05
102 122 D11 10

0.00 0.00 0.00 0.00 27.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST
### (ADJUSTABLE INTEREST RATE)

LOAN AMOUNT: **$1,725,500.00**

LOAN NO

THIS DEED OF TRUST is made and dated as of **January 20, 2005** between **Trudy A. Kalush, A Single Woman**, herein called "Trustor", whose address is **16625 South Pacific Coast Highway, Sunset Beach, California 90742**, Commercial Capital Bancorp, Inc., a Nevada corporation, herein called "Trustee", and Commercial Capital Bank, FSB, a federally chartered savings bank, herein called "Beneficiary". WITNESSETH: That Trustor irrevocably grants, transfers, and assigns to Trustee in trust, with power of sale, that real property, property rights and interest in the County of **Orange**, described in EXHIBIT "A" attached hereto and by this reference made a part hereof.

Assessor's ID/Parcel No.: **178-522-04**

INCLUDING all buildings, structures, improvements, appliances, equipment and appurtenances now or hereafter constructed or placed thereon, including, but not limited to, all apparatus and equipment, whether affixed to the land or building thereon or not affixed thereto, whether single units or centrally controlled, used to provide or supply air-cooling, air-conditioning, heat, gas, water, light and power, refrigeration, ventilation, laundry, clothes drying, dish washing, garbage disposal or other services, waste vent systems, antennas, pool equipment, window coverings, drapes and drapery rods, carpeting and floor coverings, awnings, ranges and ovens, water heaters, attached cabinets, pumps, pipes, tanks, fire prevention, fire extinguishing and communications apparatus, elevators, escalators, and partitions, and all of the above items are declared to be and are deemed to be things affixed to and a part of the realty for the purposes of this Deed of Trust.

TOGETHER WITH all interest which Trustor now has or may hereafter acquire in or to said property and in and to:

(a) All rents, issues, profits, royalties, tolls, earnings and incomes therefrom and installments of money payable pursuant to any agreement for sale of said Property or any part thereof, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 15 below.
(b) All easements, rights of way and other appurtenances thereto;
(c) All shrubs, trees and plants;
(d) All adjacent lands included in enclosure or occupied by buildings located partly on the above described property;
(e) All crops growing or to be grown on said property;

G:\LEGAL\ESTATE\MORTGAGE\DOTARM(R-2).DOC
WEPAT

Public Record

Order: Non-Order Search  Doc: OR                    EXHIBIT "1"
                                                    Page 1 of 10          Created By: dcgoffshore18  Printed: 1/7/2011 7:53:06 AM PST

PAGE 13

(f) All water and water rights (whether or not appurtenant) and shares of stock pertaining to water or water rights ownership of which affects said property;

(g) All claims, demands or causes of action of any kind, including proceeds of settlement of any such claim, demand or cause of action of any kind, including insurance proceeds subject to the right of Beneficiary given by Paragraph 2 below, which Trustor now has or may hereafter acquire, arising out of acquisition or ownership of the property, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 5 below. Trustee shall have no duty to prosecute any such claim, demand or cause of action.

For the purposes of this instrument, including all provisions incorporated by reference herein, all of the foregoing described real property, property rights and interest shall be referred to as "the Property".

THIS DEED OF TRUST SECURES AN ADJUSTABLE RATE NOTE - SEE PARAGRAPH 23.

THIS DEED OF TRUST IS FOR THE PURPOSE OF SECURING THE FOLLOWING:

A.    Payment of the loan amount above, with interest thereon, according to the terms of a Promissory Note or Notes (herein sometimes referred to as "the Note") of even date herewith, made by Trustor, payable to Beneficiary or order, and any and all modifications and extensions or renewals thereof (see Paragraph 23);

B.    Payment of such additional sums, with interest thereon, as may be hereafter borrowed from Beneficiary by the then record owner or owners of the Property which are required or permitted by the documents secured by this Deed of Trust and all extensions, modifications and renewals of such additional borrowings;

C.    Payment, performance and discharge of and security for every obligation, covenant and agreement of Trustor whether contained or incorporated by reference in this Deed of Trust, or contained in any instrument now or hereafter executed by Trustor in connection with the loan evidenced by the Note, including but not limited to the loan application, any financial statements, escrow instructions, assignment, construction loan agreement, holdback agreement, pledge agreement, security agreement, supplemental agreement, assignment of Lessor's interest in leases, modification agreement or assumption agreement, but expressly excluding any environmental indemnification agreement, (collectively the "Loan Documents");

D.    Payment of all sums of money with interest which may be paid out or advanced by, or may otherwise be due to Trustee or Beneficiary under any provision of this Deed of Trust.

To Protect the Security of this Deed of Trust, Trustor Agrees:

1.    **PRESERVATION OF THE PROPERTY.** Trustor (a) shall keep and maintain the Property in good condition and repair, (b) shall not remove, demolish or substantially alter any building, structure or improvement thereon, (c) shall complete or restore promptly and in good workmanlike manner any building which may be constructed, damaged or destroyed thereon and will pay when due all claims for labor performed and material furnished therefor, (d) shall comply with the provisions of all insurance policies covering and with all laws and regulations affecting the Property or requiring any alterations, repairs or improvements thereon, (e) shall not commit or suffer any waste thereon, (f) shall not commit or suffer any act upon the Property in violation of any provision of any insurance policy or law or regulation, and (g) consistent with the use thereof, shall timely do all other acts which the character or use of the Property may reasonably require.

2.    **INSURANCE.** Trustor shall, at Trustor's expense, provide and maintain in force at all times with respect to the Property, fire, flood, earthquake and other types of insurance as may be required by Beneficiary. All of such insurance policies shall have a loss payable endorsement in favor of Beneficiary and shall be for a term and in form, content, amount, and with such insurance companies, as may be satisfactory to Beneficiary. Such policies shall be delivered to Beneficiary whether upon the making of this Deed of Trust or at a subsequent time during the term of the Note. Trustor shall also deliver at such times evidence that the full premium for any such policy has been paid. Beneficiary at its option may retain possession of the original policy or it may release it to the possession of the Trustor. At least thirty (30) days before the expiration of any such insurance policy, a policy or policies renewing, extending or replacing such expiring insurance shall be delivered by Trustor to Beneficiary. If any such insurance policy is not so delivered to Beneficiary or in the event any such insurance policy is canceled, whether the Beneficiary has in its possession the policies or not, and no reinstatement or replacement policy is received prior to termination of insurance, Beneficiary, without notice to or demand upon Trustor, may (but shall not be obligated to) obtain such insurance with such company as Beneficiary may deem satisfactory, and pay the premium therefore, and the amount of any premium so paid shall be charged to and promptly paid by Trustor or at the option of Beneficiary, may be added to the indebtedness secured hereby. Failure to reimburse Beneficiary within 10 days of billing for such premium shall be a default, even if the required policies were in effect if the evidence of such coverage was not timely provided as required to Beneficiary.

G:\LEGAL\ESTATE\MORTGAGE\DOTARM(R-2).DOC
WEPAT

Public Record

EXHIBIT "1"
Page 2 of 10

Beneficiary may add the premium amount if not timely paid to the principal balance of the Loan without waiving any default. Should any policy thus obtained by Beneficiary thereafter be cancelled, Trustor shall pay to Beneficiary any earned premiums on said policy and a reasonable charge for its services in obtaining such policy.

Neither Trustee nor Beneficiary shall be responsible for the collection of any insurance monies, or for any insolvency of any insurer or insurance underwriter. The right to any unearned premiums under said insurance policies is hereby assigned and shall pass to the purchaser of the Property conveyed at any Trustee's sale held or to the grantee of a deed in lieu of foreclosure if such a conveyance is made. Any part or all of the amount collected under any fire or other insurance policy covering the Property, whether such policy was required by Beneficiary or not, may be applied by Beneficiary upon any indebtedness secured by this Deed of Trust at such time and in the manner and amount as Beneficiary may determine, or at the option of Beneficiary, without reducing the indebtedness secured hereby, may either be used to replace, restore or reconstruct the Property to a condition satisfactory to Beneficiary or be released to Trustor. Any application, use or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Trustor shall pay Beneficiary inspection fees and other costs resulting from or connected with the casualty loss to which such insurance relates.

Trustor hereby assigns to Beneficiary all proceeds of any insurance (including, but not limited to, earthquake insurance) which Trustor may be entitled to receive for loss or damage to the Property, whether or not such insurance is required pursuant to this Deed of Trust or any of the Loan Documents. In the event of any loss or damage to the Property, all insurance proceeds (including, but not limited to, earthquake insurance), whether or not so required, shall be payable to Beneficiary, and Trustor hereby authorizes and instructs any concerned insurance company to pay such insurance proceeds directly to Beneficiary.

**3.     LIFE, ACCIDENT OR HEALTH INSURANCE.** If Trustor shall assign or deliver a policy of life, accident or health insurance to Beneficiary as further security hereunder, then if Trustor fails to pay any premium thereon, Beneficiary shall be entitled, but not obligated, to pay any such premium. Any amount so paid shall be charged to and promptly paid by Trustor. Failure to reimburse Beneficiary within 10 days of billing for such premium shall be a default. Beneficiary may add the premium amount if not timely paid to the principal balance of the Loan without waiving any default.

**4.     TAXES AND ENCUMBRANCES.** Trustor shall pay (a) at least twenty (20) days before delinquency, all general and special taxes, and assessments now or hereafter affecting the Property, including any assessments on appurtenant water stock; (b) when due, all special assessments for public improvements without permitting any improvement bond to issue for any special assessment; (c) on demand of Beneficiary, all encumbrances, charges and liens on the Property or any part thereof, which are or may be prior or superior hereto; (d) when due, all fees and charges incidental to ownership, occupancy or beneficial use of the Property; and (e) if the Property is or includes a condominium, community apartment or is all or part of a planned development, all payments required of the owner thereof under any declaration of covenants or conditions or restrictions pertaining to such project. Should Trustor fail to make any payment under this Paragraph 4, Beneficiary may, but shall not be obligated to, make such payment and any amount so paid shall be charged to and promptly paid by Trustor or, at the option of Beneficiary, shall be added to the indebtedness secured hereby, without regard to the validity or legality of such assessments, liens or charges.

**5.     CLAIMS, DEMANDS AND ACTIONS.** Trustor shall (a) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (b) at the option of Beneficiary, assign to Beneficiary, to the extent of Beneficiary's interest, any claims, demands or causes of action of any kind, including any award, court judgment or proceeds of settlement of any such claim, demand or cause of action of any kind which Trustor now has or may hereafter acquire arising out of acquisition or ownership of the Property. Without limiting the generality of the foregoing, any such claim, demand or cause of action arising out of acquisition or ownership of the Property may include (i) any such injury or damage to the Property or any structure or improvement situated thereon, or (ii) any claim or cause of action in favor of Trustor which shall have arisen out of the transaction financed in whole or in part by the making of the loan secured hereby, or (iii) any claim or cause of action in favor of Trustor (except for bodily injury) which arises as a result of any negligent or improper construction, installation or repair of the Property, including the surface or subsurface thereof, or of any building or structure thereon. Trustor shall at Trustor's expense pursue such claims and shall not permit any award of damages to be subject to a claim of attorneys' fees unless approved in writing by Beneficiary. Beneficiary may apply, use or release such monies received by it in the same manner as Paragraph 2 provides for application, use, or release of insurance proceeds.

**6.     DEFENDING TRUST.** Notwithstanding the provisions of Paragraph 5, Beneficiary or Trustee may (a) commence and prosecute or appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (b) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appear to be prior or superior hereto; and (c) in exercising any such right, incur any liability and expend whatever amounts either deems reasonably necessary, including cost of evidence of title and reasonable attorneys' fees and such costs and expenses shall be added to the principal balance of the Loan and shall be paid by Trustor within 30 days or such other period acceptable to Beneficiary.

**7.     PROTECTION OF SECURITY BY BENEFICIARY OR TRUSTEE.** Should Trustor fail to make any payment or do any act provided in this Deed of Trust, then Beneficiary or Trustee, but without obligation so to do, and without

G:\LEGAL\ESTATE\MORTGAGE\DOTARM(R-2).DOC
WEPAT

Public Record

EXHIBIT "1"
Page 3 of 10

Order: Non-Order Search Doc: OR                Created By: dcgoffshore18  Printed: 1/7/2011 7:53:07 AM PST

PAGE 15

notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may make any such payment or do any such act in such manner and to such extent as either deems necessary to protect the security hereof. Beneficiary or Trustee is authorized to enter upon the Property at any time for such purpose. Trustor hereby irrevocably authorizes Beneficiary to apply any and all amounts received by Beneficiary in repayment of the Loan first to amounts which are not guaranteed pursuant to the terms of any guaranty executed in connection with this Loan and then to amounts which are guaranteed pursuant to the terms of any such guaranty. Trustor hereby waives any and all rights it has or may have under Section 2822 of the Civil Code of California, as amended or recodified from time to time, which provides that if a guarantor is "liable upon only a portion of an obligation and the principal provides partial satisfaction of the obligation, the principal may designate the portion of the obligation that is to be satisfied".

**8.    REIMBURSEMENT.** Trustor shall pay immediately upon demand all costs, fees or expenses incurred and sums expended or advanced under the terms of this Deed of Trust by Beneficiary or Trustee, with interest thereon at a rate equal to the rate provided for in the Note secured hereby, and the obligation of Trustor to pay such sums and interest as aforesaid shall be secured hereby.

**9.    LEASEHOLD ESTATES.** If the security for this Deed of Trust is a leasehold estate, Trustor shall not modify, surrender, or terminate the lease or leases, creating the leasehold estate, and shall comply with all of the covenants and conditions required of the Lessee or his successor in interest to be performed under the lease or leases creating said leasehold estate, including but not limited to paying when due rent and other charges imposed upon such Lessee.

**10.    IMPOUND ACCOUNT.** Trustor shall pay to Beneficiary, if Beneficiary shall so demand, in addition to any other payment required hereunder, monthly installments for the purpose of creating and maintaining a fund to provide payment when due of any taxes, encumbrances, assessments, leasehold payments relating to the Property, premiums for any policies of insurance insuring the Property, the Trustor or the loan, more specifically referred to in Paragraphs 2, 3, 4 and 9. Trustor shall deliver promptly to Beneficiary all bills and notices thereof. Said installments shall be in such amounts as Beneficiary shall estimate from time to time to be necessary to provide sufficient monies in said fund to pay such taxes, encumbrances, assessments, leasehold payments and premiums when they become due and shall be payable concurrently with the monthly installment under the Note. If the amounts paid to Beneficiary under the provisions of this paragraph are insufficient to pay such taxes, assessments, leasehold payments and premiums as they become due, Trustor shall pay to Beneficiary promptly upon demand the amount of the deficiency. Failure to timely pay any such insufficient impound amounts shall be a default.

In the event of default of any obligation hereby secured, then any funds in the possession of Beneficiary under the provisions of this paragraph may, at the option of Beneficiary, be applied upon any indebtedness secured hereby.

**11.    FINANCIAL STATEMENTS.** Within thirty (30) days after written demand by Beneficiary but not more frequently than annually, Trustor shall deliver to Beneficiary verified financial statements for the Trustor and for any business of Trustor which was a material consideration in Beneficiary granting the Loan, prepared in accordance with acceptable accounting practices, for such annual or other period as Beneficiary may designate. Such financial statements shall include balance sheets, operating statements, and statements of sources and application of funds. In addition, Trustor shall deliver to Beneficiary on demand, copies of all leases, agreements, vouchers, receipts and other documents supporting any of the items shown in such statements. Trustor shall keep and maintain a full and accurate set of books and records showing all the matters above specified, and shall permit Beneficiary at any time to inspect and audit all Trustor's books of account, records, and papers relating to any of the foregoing matters. In the event any such audit is caused to be made by Beneficiary by reason of the failure of Trustor to comply with any of the foregoing provisions, then Trustor shall pay to Beneficiary upon demand all expenses incurred by Beneficiary in connection with such audit.

**12.    DAMAGE TO OR CONDEMNATION OF PROPERTY.** Any award of damages or compensation for injury to, or in connection with any condemnation for public use of the Property or any part thereof, or any proceeds of any settlement with respect to a condemnation whether or not eminent domain proceedings have been instituted, shall be and is hereby assigned by Trustor and shall be paid to Beneficiary, who may apply, use or release the amount thereof in the same manner as Paragraph 2 provides for application, use, or release of insurance proceeds.

**13.    BENEFICIARY'S CONSENT REQUIRED.** Beneficiary may declare all sums secured hereby immediately due and payable except as expressly limited by law, if Trustor without Beneficiary's prior written consent: (a) sells, conveys, contracts to sell by installment land contract, alienates or further encumbers all or any part of the Property; or (b) leases all or any part of the Property for a term, together with all exercisable options, of 3 years or more, or which contains a purchase option; or (c) suffers the title or any interest in the secured Property to be divested, whether voluntarily or involuntarily; or (d) changes or permits to be changed the character or use of the Property; or (e) is a partnership and any of the general partners' interests are transferred or assigned, whether voluntarily or involuntarily; or (f) is a corporation with fewer than 100 stockholders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or assigned during a 12 month period; or (g) is a limited liability company and either (i) any of the managers' interests are transferred or assigned, whether voluntarily or involuntarily, or (ii) more than 10% of the aggregate of its membership interests are sold, transferred or assigned during a 12 month period. Trustor will not create or permit to continue in

Page 4 of 8
ESTATE LENDING DEED OF TRUST – ADJUSTABLE INTEREST RATE

G:\LEGAL\ESTATE\MORTGAGE\DOTARM(R-2).DOC
WEPAT

Public Record

Order: Non-Order Search Doc: ⬚                    EXHIBIT "1"
                                                  Page 4 of 10    Created By: dcgoffshore18  Printed: 1/7/2011 7:53:07 AM PST
                                                                  PAGE 16

existence any mortgage, pledge, encumbrance, lien, or charge of any kind (including purchase money and conditional sale liens) on any of the Property except for liens securing the Loan and (a) liens for taxes not yet delinquent, and (b) any other liens or charges that are specifically approved in writing by Beneficiary prior to the recordation of this Deed of Trust.

**14. NO WAIVER.** Trustee or Beneficiary by accepting payment of any sum secured hereby after its due date, or by making payment or taking any action which, under the provisions hereof either Trustee or Beneficiary is entitled but not obligated to make or take, or by forbearing from enforcing any of its rights, shall not be deemed to have waived its right to require payment from or action by Trustor and to declare a default for Trustor's failure to do so. In the event either Trustee or Beneficiary shall expressly waive any rights under any provisions of this Deed of Trust, such waiver shall not be deemed a waiver of any rights Trustor or Beneficiary may have subsequently to require payment from or action by Trustor and declare a default for Trustor's failure to do so.

**15. ASSIGNMENT.** Trustor hereby absolutely and unconditionally assigns and transfers all of Trustor's right, title, and interest to Beneficiary, during the continuance of these trusts, in and to all rents, issues, profits, royalties, tolls, earnings and income of the Property including those arising by reason of any oil, gas or mineral lease thereof, and all installments of money payable pursuant to any contract of sale or lease relating to the Property or any part thereof (hereinafter referred to collectively as "income"), together with the right, power and authority to collect and retain all such income as it becomes due and payable. All income received by Beneficiary through the exercise of the foregoing assignment, less all expenses, (including reasonable attorneys' fees) incurred by Beneficiary in collecting such income shall be applied by Beneficiary on any indebtedness secured by this Deed of Trust at such time and in the manner and amount as Beneficiary may determine. Without limiting the generality of the foregoing, such application may include payment of periodic installments of principal and interest, or reduction of the principal balance or reimbursement to Beneficiary as provided in Paragraph 8. The foregoing is an absolute assignment effective upon recordation of this Deed of Trust and is independent of Beneficiary's actual or constructive possession of the Property. Prior to any default, Trustor is hereby granted the right to collect the assigned income first to pay all operating expenses of the Property then to pay any net income to the owners of the Property. Upon default, Trustor's right to collect income terminates automatically.

**16. DEFAULT BY TRUSTOR.** Upon default by Trustor in payment of any indebtedness secured, or in the performance of any obligation imposed upon Trustor by this Deed of Trust, or the other Loan Documents, Beneficiary may, without notice and irrespective of whether declaration of default has been delivered to Trustee and without regard to the adequacy of the security for the indebtedness secured hereby, either personally or by attorney or agent, without bringing any action or proceeding, without entering into possession of the Property, or by receiver to be appointed by a court; (a) enter into possession and hold, occupy, possess and enjoy the Property; (b) make, cancel, enforce, modify or terminate leases; (c) obtain and eject tenants; (d) set or modify rents; (e) take, receive and collect all or any part of the income described in Paragraph 15, including income received by the Trustor after the default or before it became due. After paying such costs of maintenance and operation of the Property as it in its judgment may deem proper, Beneficiary may apply the balance upon the entire indebtedness then secured hereby. The acceptance of such income shall not constitute a waiver of any other right which Trustee or Beneficiary may have under this Deed of Trust or under the laws of California. The receipt and application by Beneficiary of such income pursuant thereto, after execution and delivery of declaration of default and demand for sale or during the pendency of a Trustee's sale proceeding hereunder, shall not cure any breach or default, nor affect said sale proceeding or any sale made pursuant thereto, but such income, less all costs of operation and maintenance, when received by Beneficiary, shall be applied in reduction of the entire indebtedness from time to time secured hereby. Trustor shall not in any manner obstruct or interfere with any of Beneficiary's rights under this Paragraph 16.

**17. TRUSTEE AUTHORIZED.** Upon written request of Beneficiary and presentation of this Deed of Trust and the Note secured hereby for endorsement, and without affecting the liability of any person for payment of the indebtedness secured hereby, Trustee may (a) reconvey any part of the Property; (b) execute the title sheet of any map, plat or record of survey thereof; (c) join in granting any easement thereon; or (d) join in any agreement modifying the terms hereof or subordinating the lien or charge hereof. Trustor shall pay to Beneficiary and Trustee a reasonable service charge for any such action.

**18. RECONVEYANCE.** Upon written request of Beneficiary and upon surrender of this Deed of Trust and the Note secured hereby to Trustee for retention, and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder. The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five (5) years after the date of such reconveyance, Trustee may destroy the Deed of Trust and Note, without liability. Notwithstanding anything set forth herein, Trustee may, in its sole discretion, deliver said Note or Deed of Trust or both to the person entitled thereto.

**19. FEES.** Trustor shall pay to Beneficiary the maximum amount as may from time to time be permitted by law for furnishing in connection with the obligations secured hereby, each statement pursuant to any statute at the time then in force. Additionally, Trustor shall pay Beneficiary's and Trustee's fees, charges and expenses for any other statement, information or services furnished by Beneficiary or Trustee in connection with the obligations secured hereby. Said

Page 5 of 8
ESTATE LENDING DEED OF TRUST – ADJUSTABLE INTEREST RATE

G:\LEGAL\ESTATE\MORTGAGE\DOTARM(R-2) DOC
WEPAT

Public Record

Order: Non-Order Search Doc: OR          Created By: dcgoffshore18  Printed: 1/7/2011 7:53:07 AM PST

PAGE 17

services may include, but shall not be limited to, the processing by Beneficiary or Trustee, or both, of assumptions, substitutions, modifications, extensions, renewals, subordinations, rescissions, changes of owner, recordation of map, plat or record of survey, grants of easements, and full and partial reconveyance, and the obtaining by Beneficiary of any policies of insurance pursuant to any of the provisions contained in this Deed of Trust. Additionally, Trustor shall pay all Trustee's fees, attorneys' fees, costs and expenses incurred in connection with or arising from any of the actions taken by Beneficiary, Trustee, or their agents described in Paragraphs 6, 8, 16 and 20.

**20.   SALE BY TRUSTEE.** Upon default by Trustor in payment of any indebtedness, or performance of any obligation secured by this Deed of Trust, Beneficiary, in addition to any other remedy or process available to Beneficiary, may declare all sums secured by this Deed of Trust immediately due and payable by delivering to Trustee a written declaration of default and causing to be filed for record a written notice of default and election to sell, and shall deposit with Trustee this Deed of Trust and any Note or other evidence of indebtedness secured by this Deed of Trust and all documents evidencing expenditures secured hereby. After the lapse of such time as may be required by law following the filing for record of said notice of default, and after giving all such notice as may be required by law, Trustee, without demand on Trustor, may sell the Property, either as a whole or in separate parcels, and in such order as it may determine, by public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, or for the equivalent of cash, as so determined by Trustee in its sole discretion. If the indebtedness secured hereunder is additionally secured by real property which is not subject to this Deed of Trust, Trustee may sell any property so given as security for Trustor's obligation, which it is authorized to sell, either in whole or in separate parcels and in such order as it may determine. Trustee may postpone sale of all or any portion of the Property by public announcement at the time and place fixed for such sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the  preceding postponement. Following sale, Trustee shall deliver to the purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truth thereof. Any person, including Trustor, Trustee and Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with the sale and reasonable attorneys' fees, Trustee shall apply the proceeds of sale to payment, first, of all sums expended under the terms of this Deed of Trust, not then repaid, with accrued interest at the rate specified in the note secured by this Deed of Trust, and then to all other sums secured by this Deed of Trust, and, if there be any proceeds remaining, shall distribute them to the person or persons legally entitled thereto, upon proof of entitlement being submitted to Trustee.

**21.   WAIVER OF STATUTE OF LIMITATIONS.** Trustor hereby waives, to the fullest extent permissible by law, the statute of limitations as a defense to any demand or obligations secured by this Deed of Trust.

**22.   SUBSTITUTION OF TRUSTEE.** Beneficiary may, from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or action hereunder, which instrument, executed and acknowledged by Beneficiary and recorded in the office of the Recorder of the county or counties where the Property is situated, shall be conclusive proof of the proper substitution of such successor Trustee or Trustees, who shall, without conveyance, succeed to all the title, estate, right, powers and duties of the predecessor Trustee. Said instrument shall contain the name and address of the new Trustee. If notice of default shall have been recorded, this power of substitution may not be exercised unless the then acting Trustee signs an endorsement on such instrument of substitution to the effect that all costs, fees and expenses due to such Trustee have been paid or satisfied.

**23.   ADJUSTABLE MORTGAGE LOAN.** The Note secured by this Deed of Trust contains provisions which may result in increases in the interest rate, in the monthly installments, and in the unpaid principal balance. Reference is hereby made to the Promissory Note for the specific provisions relating to such increases.

**24.   HAZARDOUS SUBSTANCES.** Trustor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Trustor shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Trustor shall promptly give Beneficiary written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Trustor has actual knowledge. If Trustor learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Trustor shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this Paragraph 24, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Paragraph 24, "Environmental Laws" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

G:\LEGAL\ESTATE\MORTGAGE\DOTARM(R-2).DOC
WEPAT

Public Record

EXHIBIT "1"
Page 6 of 10

Order: Non-Order Search  Doc: O                          Created By: dcgoffshore18   Printed: 1/7/2011 7:53:07 AM PST

PAGE 18

25. **OCCUPANCY AGREEMENT.** If Trustor was required to execute an Occupancy Agreement as a condition for obtaining the Loan secured by this Deed of Trust, the terms of the Occupancy Agreement, including the provisions which make a violation of its terms an event of default under this Deed of Trust, are incorporated herein by this reference.

26. **WARRANTIES.** Trustor represents and warrants that by signing this Deed of Trust all signers have requisite power and authority to execute this Deed of Trust and any and all other instruments they have executed and delivered to Beneficiary in connection with the Loan secured by this Deed of Trust, that any and all balance sheets, income statements, and financial data of any other kind furnished to Beneficiary by or on behalf of Trustor are true and correct and accurately reflect the present financial condition of the subjects thereof as of the date thereof. These representations and warranties shall survive until all obligations and sums due which are secured by this Deed of Trust have been satisfied in full. Any breach of these warranties shall be a default and Trustor shall indemnify, defend and hold Beneficiary harmless from any loss, fees or costs directly or indirectly related to claims arising out of such breach.

27. **GENERAL PROVISIONS:**

A. The term "Trustor" shall mean all parties executing this Deed of Trust as Trustor, their respective heirs, legatees, devisees, administrators, executors, successors in interest and assigns, provided that Beneficiary shall not be obligated to give Notice of Default or Notice of Sale hereunder to any Trustor other than as shown on the face page hereof.

B. The term "Beneficiary" shall mean the owner and holder (including a pledgee) of the Note secured hereby, whether or not named as Beneficiary herein.

C. Every provision of this Deed of Trust imposing upon Trustor an obligation to perform an act, or embodying an agreement by Trustor to perform an act, shall be construed as obligating Trustor to pay all costs and expenses relating thereto.

D. In the event any provision hereof shall be declared invalid or unenforceable through a final judgment in a court having competent jurisdiction, the validity or enforceability of any of the remaining terms hereof shall not be thereby impaired.

E. In this Deed of Trust, wherever the context so requires, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa, and if more than one person is named as Trustor, the obligations of Trustor shall be the joint and several obligations of each person.

F. Captions and paragraph headings used herein are for convenience only and are not a part of this agreement and shall not be used in construing it.

The undersigned Trustor(s) request(s) that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to each Trustor named on the face page hereof, at the address set forth thereon.

NOTICE TO BORROWER:    THIS DOCUMENT CONTAINS PROVISIONS FOR AN ADJUSTABLE INTEREST RATE AND CONTAINS PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY.

Trudy A. Kajush

Page 7 of 8
ESTATE LENDING DEED OF TRUST -- ADJUSTABLE INTEREST RATE

C:\LEGAL\ESTATEMORTGAGE\DOTARM(R-2).DOC
WEPAT

Public Record

State of California
County of ___LOS ANGELES___

On ___JAN. 21, 2004 2005___ before me,___ VERLYNE VANDERPOOL ___
        DATE                                                    NAME, TITLE OF OFFICER-E.G. "JANE DOE, NOTARY PUBLIC"

personally
appeared        TRUDY A. KALUSH

_____
        NAME(S) OF SIGNER(S)

☐ personally known to me - OR - ☒      proved to me on the basis of satisfactory evidence to be the person(s) whose
                                        name(s) is/are subscribed to the within instrument and acknowledged to me
                                        that he/she/they executed the same in his/her/their authorized capacity(ies),
                                        and that by his/her/their signature(s) on the instrument the person(s), or the
                                        entity upon behalf of which the person(s) acted, executed the instrument.

VERLYNE VANDERPOOL
Commission # 1457434
Notary Public - California
Los Angeles County
My Comm. Expires Dec 21, 2007

WITNESS my hand and official seal.

_Verlyne Vanderpool_
SIGNATURE OF NOTARY

Page 8 of 8
ESTATE LENDING DEED OF TRUST – ADJUSTABLE INTEREST RATE

G:\LEGAL\ESTATEMORTGAGE\DOTARM(R-2).DOC
WEPAT

Order: Non-Order Search  Doc: OR                    EXHIBIT "1"
                                                    Page 8 of 10        Created By: dcgoffshore18  Printed: 1/7/2011 7:53:07 AM PST        PAGE 20

GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the Notary Seal on the document to which this Statement is attached reads as follows:

NAME OF THE
NOTARY: _____ Verlyne Vanderpool

DATE COMMISSION
EXPIRES: _____ 12-21-07

COUNTY WHERE BOND IS
FILED: _____ Los Angeles

COMMISSION
NUMBER: _____        VENDOR#: _____

I certify under penalty of perjury and the laws of the State of California that the illegible portion of this document to which this statement is attached reads as follows:

_____

_____

_____

_____

_____

_____

_____

_____

PLACE OF
EXECUTION: **LOS ANGELES**                    DATE: 1/24/05

SIGNATURE: _____

* Personally know to me (or proved to me on the basis of satisfactory evidence) to be the person(s) is /are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or entity upon behalf of which the person(s)acted, executed the instrument.

Public Record

Order: Non-Order Search  Doc: OR _____        EXHIBIT "1"        PAGE 21
Page 9 of 10        Created By: dcgoffshore18  Printed: 1/7/2011 7:53:07 AM PST

# EXHIBIT "A"

LOT 1, BLOCK 20, OF SUNSET BEACH, IN THE COUNTY OF ORANGE, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 3, PAGES 39 AND 40 OF MISCELLANEOUS
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Exhibit A
ESTATE LENDING DEED OF TRUST — ADJUSTABLE INTEREST RATE

G:\LEGAL\ESTATEMORTGAGE\ARM.DOC

Public Record

EXHIBIT "1"
Page 10 of 10
PAGE 22
Order: Non-Order Search  Doc: Of              Created By: dcgoffshore18   Printed: 1/7/2011 7:53:07 AM PST

# EXHIBIT 2

# EXHIBIT 2

# GOE & FORSYTHE, LLP

Robert P. Goe
Marc C. Forsythe

Attorneys at Law
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
(949) 798-2460

Direct Dial (949) 798-2461
Direct Dial (949) 798-2467
Facsimile (949) 955-9437
rgoe@goeforlaw.com

November 8, 2011

***Via U.S. Certified U. S. Mail – Return Receipt Requested***
Deutsche Bank National Trust Company
c/o Onewest Bank FSB
Attn.:  Michael B. Shaw
Bankruptcy Department
6900 Beatrice Drive
Kalamazoo, Michigan 49009

> ***RE:    Trudy Kalush - Bankruptcy Case No.  8:11-bk-19563***
> ***PROOF OF CLAIM #6 filed on August 2, 2011***
> ***by Creditor's Authorized Agent Michael B. Shaw***

Dear Mr. Shaw:

I am the Chapter 11 bankruptcy attorney for the above-referenced debtor.  On August 2, 2011, your office filed Proof of Claim No. 6 naming Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the IndyMac INDX Mortgage Loan Trust 2005-AR12, Mortgage Pass-Through Certificates, Series 2005-AR12, under the Pooling and Servicing Agreement dated June 1, 2005.

Apparently, Commercial Capital Bank, FSB was the originator on this loan.  However, no documentation was provided reflecting ownership and/or beneficiary interest of Deutsche Bank National Trust Company.

Kindly provide documentation reflecting "Standing" for Deutsche Bank National Trust Company to file the aforementioned proof of claim in order to avoid the necessity of filing an objection to claim before the Bankruptcy Court.  I have attached the proof of claim for your reference.

Very truly yours,

**GOE & FORSYTHE, LLP**

By: _____
Robert P. Goe

RPG/kam
cc:    Client
         Enclosure

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612

A true and correct copy of the foregoing document described **DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 6 FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR12, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR12; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 23, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Richard J Bauer rbauer@mileslegal.com
- Joseph C Delmotte ecfcacb@pitetduncan.com
- Mark Domeyer mdomeyer@mileslegal.com
- Marc C Forsythe kmurphy@goeforlaw.com
- Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- John H Kim jkim@cookseylaw.com
- Vy Pham vpham@mileslegal.com
- Cassandra J Richey cmartin@pprlaw.net
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐   Service information continued on attached page

**II.  SERVED BY U.S. MAIL ~~OR OVERNIGHT MAIL~~** (indicate method for each person or entity served)**:**
On November 23, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 23, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Erithe A. Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 23, 2011 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| Date | Type Name | Signature |

1

**II. SERVED BY U.S. MAIL ~~OR OVERNIGHT MAIL~~**

2

OneWest Bank, FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

3

Michael B. Shaw, as Creditor's Authorized
Agent
PO Box 829009
Dallas, TX 75382-9009

4

Real Time Resolutions Inc
1750 Regal Row Ste 120
PO Box 36655
Dallas TX 75235

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28